UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

SEP 1 7 2010

, **Clerk of Court** ,

| | | |
|---|---|---|
| Josephine Franklin | § | |
| | § | |
| Versus | § | |
| | § | Civil Action No. _____ |
| Lone Star Legal Aid (LSLA) Incorporated | § | |
| Roslyn O. Jackson | § | **10 CV 3 3 3 7** |
| Valentina Garza | § | |

## EMPLOYMENT DISCRIMINATION COMPLAINT & PLAINTIFF'S ORIGINAL PETITION

COME NOW Josephine "Josie" Franklin, Petitioner, and files this timely complaint,

petitioning the Court to grant Plaintiff's prayers and relief sought both equitable and at law,

and in support thereof, will show the Court the following through discovery, depositions,

evidence, interrogatories, and testimonies that defendant's retaliated against Plaintiff when

defendant's performed acts with intent to injury; harm, defraud and affect the course or

outcome of investigations not in favor of Plaintiff and with intent to negatively affect

Plaintiff's status, by **(a)** breaching employment compensation contracts, **(b)** forging

Plaintiff's name to a grant related financial document, **(c)** perjuring themselves by

knowingly presenting this document under sworn testimonies, **(d)** slandering Plaintiff's

name to others within the corporation as an assaulter, **(e)** subjecting Plaintiff to disparity

treatment in employment practices and training under a federal funded grant, and **(f)** fired

Plaintiff, after Plaintiff requested polices and sought to meet with the CEO or COO for

guidance, because Plaintiff opposed and complained about protective acts, unlawful

employment practices, and reported suspected abuse (abuse) to Washington, D.C.:

1.      *Jurisdiction:*

This venue is proper in this Court. The Court has jurisdiction of the parties and the matters of this cause because this is where the employment contracts were initiated, where the defendants reside, or where the events giving rise to Plaintiff's claim occurred. TEX. CIV. PRAC. & REM. CODE §§ 15.002(a), 15.017, 15.035(a)(b), 15.039, 15.064, 15.066, 15.088, 15.089, 15.093, 15.094.

2.   *Discovery:*

Discovery in this case is intended to be conducted under the provisions of Fed. R. Civ. P. 26, 27, and L.R.26, L.R.30, L.R.33, L.R.38.

3.   *Plaintiff:*

a.   Josephine "Josie" Franklin domiciliary of Fort Bend County, 5117 Maywood Drive, Houston 77053-3202.

4.   *Defendants:* **Lone Star Legal Aid and its' agents —**

a.   LSLA, Incorporated at 1415 Fannin Street, 3rd Floor, Houston, Texas 77002

b.   Roslyn O. Jackson, Supervising Managing Attorney at Lone Star Legal Aid located at 1415 Fannin Street, 3rd Floor, Houston, Texas 77002

c.   Valentina Garza, Legal Secretary/Paralegal at Lone Star Legal Aid located at 1415 Fannin Street, 3rd Floor, Houston, Texas 77002

5.   *This action is brought in part* under Title VII of the Civil Rights Act of 1964 and Chapter 21 Subchapter B Sec 21 §§ 21.051, 21.054, 21.055(1), 21.056, 21.057 of the Labor Code for employment discrimination as based on and including retaliation, age, race and for unlawful employment practices; and under TEX. CIV. PRAC. & REM. CODE Chapter 15 for slander, and breach of contracts; and under the Penal Code Title 2

Chapter 7 & 37 Sec §§ 37.01 (2) (B), 37.02, 37.03, 37.04, 37.05, 37.06, 37.07, 37.09 (1)

(2)(d)(1), 37.10 (2), (6)(C) (1), 37.101(1)(b); BC Code Ch26 Statue of Fraud for forgery,

falsification/$\overline{K's}$ in writing.  Jurisdiction is conferred by Title 42 USC, Sec § 2000e-5.


6.      **_Exhibit P1:_** The Plaintiff has attached to this complaint a copy of the charges filed on

May 20, 2010 with the Equal Employment Opportunity Commission (EEOC) as

amended.  On the date of Friday, June 25, 2010, the Plaintiff received a Notice of Right to

Sue letter (dated Tuesday, June 22, 2010) as issued by the EEOC; a copy is attached.


7.      *Initial Facts:*

In connection with defendant's request for Plaintiff's services; oral contracts were

approved in writing by the defendant's where defendant's decision makers for the

organization within this state conduct the daily affairs of the organization.  In

retaliation against Plaintiff, the defendants have failed to fully honor those contracts,

thereby negatively effecting Plaintiff's economical financial earning capacity (for

approximate 6-7 months as otherwise contracted under a grant related agreement)

with intent to injure and harm Plaintiff, because Plaintiff complained about protective

acts of discrimination as based on retaliation, Plaintiff's age, race, unlawful employment

practices, and because Plaintiff reported abuse.

When defendant's failed to take effective measures to stop the unwarranted

acts, discriminatory in nature, as complained to Plaintiff's immediate supervisor

(Roslyn O. Jackson) and to Human Resource (HR)/Benefits Administrator (Sheila Kim

Lewis) days into Plaintiff's tenure, therefore on March 17, 2010 Plaintiff informed a

governmental entity (OIG) which administers public federal grant funding to

defendants' incorporation and Houston-Galveston Area Council – Social Service Block

Grant (HGAC-SSBG) an entity associated with the grant that Plaintiff worked under, of

some of the abuse and of Plaintiff's opposition to unwarranted acts of discrimination.

On March 18, 2010, Plaintiff informed the CEO, (Paul Furrh) and COO (Dwayne Bilton)

of the same and on this day Plaintiff was fired by defendants with the intent to keep

Plaintiff from meeting with the CEO and/or COO.


a)        Discrimination as based on Plaintiff age and race:  On a daily basis, the

    Hispanic similar situated employees (Sylvia Lugo, Nora Benitez, Marizta Marin)

    demonstrated hostility with offensive conduct, including put-downs and subjecting

    Plaintiff to unlawful disparity treatment in employment practices because of

    Plaintiff's age and race.  Plaintiff steeled herself.

   (i)        Plaintiff was told along the lines of:  "quote – that you cannot

            work here because only one person can work in this office who is a

            grandmother; and that Plaintiff's body is to curvy to be a

            grandmother – un-quote."

   (ii)       Denied Plaintiff access to the opportunities of advance training

            in observing the data entry from paper applications of public

            clients' specifics, to the program managers' computerized database

            (as promised upon interviewing); **but** defendant's hired Valentina

            Garza, an Hispanic, as legal secretary/paralegal with no prior

            experience (two weeks after Plaintiff's tenure) and immediately

            provided her with the opportunities of advanced training of **not**

only the observation of data entry from paper applications of
public client's specifics to the program managers' computerized
database, **but** provided her with the actually access of the entry of
that data.

(iii)      Intentionally provided Plaintiff with incorrect forms that are to
be used with the intake process of applications and/or on client's
appointment day and then would ridicule Plaintiff in the presence
of staff attorneys and some clients for having the incorrect form(s).
**However**, defendant's immediately provided Valentina Garza with
correct forms and processes.

(iv)      The harassment continued with unwarranted and offensive
conduct continued, but **not** limited to approaching Plaintiff during
Plaintiff's break-time and making intimidating facial and verbal
shocking gestures such as "quote – How old are you anyways?  Why
are you here?  Why don't you go work somewhere else?  How do
you know how to handle clients so well?  Where can I find you
online to see what you do?  You cannot eat in the office – un-quote."
**However**, the Hispanic employees were allowed to eat in the office.
Further, the Hispanic employees would assign Plaintiff tasks as
Plaintiff prepared for lunch-break.  In addition, Ms.  Lugo would
disturb the workplace by playing black artists music (i.e. Barry
White, Al Green) and state along the lines of "quote-I know you are
old enough to know who this is because you go way back, don't

you, "how old are you any way – you are my age aren't you?-un-quote."...

(v)      The offensive conduct and unlawful employment practices were later joined by and at the hands of Plaintiff's immediate supervisor (Roslyn O. Jackson) and another supervisor (Erica Moore) in the area;

8.  *Additional Facts*:

a.      Further offensive conduct continued, creating an extremely intimating, hostile and offensive work environment for Plaintiff when Plaintiff's immediate supervisor (Roslyn O. Jackson) failed to take preventions to eliminate and/or appropriate steps to prevent and/or correct unlawful harassment and discrimination in the workplace, as Plaintiff previously brought to her attention. Roslyn O. Jackson sated "quote-don't pay them any mind, they are just being silly-un-quote." Then Roslyn O. Jackson took Plaintiff to Erica Moore, showing Erica Moore how Plaintiff had outlined the paper application as a guide to assimilate in Plaintiff's role properly and in hope of learning what the Hispanic staff would not properly train Plaintiff in.  Supervisor Moore visually scanned Plaintiff's self-generated application guide and made reference to "conflict check".  In addition, Ms. Moore stated to Plaintiff in the presence of Mr. Munoz's that she will never review the meeting minutes that Plaintiff created along with other practical tools that would have assisted Plaintiff as Plaintiff further sought to assimilate in Plaintiff's role.  Nor did Ms. Jackson care to assist plaintiff with understanding the proper dynamics of the meetings and Plaintiff's role etc...

b.       Because the disparity treatment was ongoing as Plaintiff sought to assimilate

in her role with proper processes, Plaintiff called on both Roslyn O. Jackson and

Erica Moore for intervention.  Shortly after that, it had become apparent that

supervisors (Roslyn O. Jackson and Erica Moore)  were parties to harassing

Plaintiff:

i.      Plaintiff was being bypassed on learning the proper process for

checking in clients on their appointment day.  Around March 2, 2010

Plaintiff called Roslyn O. Jackson and Erica Moore to readdress before the

Hispanic employees and the Plaintiff which assignments (of a recent

terminated African American employee at that time) that Plaintiff would

share.  This same day, these supervisors suited up for off-site jogging /

running, on company time and left the workplace with one or more of the

Hispanic employees (whom initiated the harms of this cause) and on the

next day Ms. Moore was combing her hands through the hair of Nora

Benitez, as I approached the copy machine.


ii.      During Plaintiff's 1st round of the organization's computerize training

(a 2 ½ day session) of program managers' (PM) system, Plaintiff observed

Roslyn O. Jackson socializing with one or more of the Hispanic employees

whom had initiated the discriminatory acts against Plaintiff.

▪      As the Trainer (Mary Jo Molandes) called the class session to

order, Roslyn O. Jackson (Plaintiff's immediate supervisor) moves

over to and took a seat next to Plaintiff, telling Plaintiff "quote – I

am going to sit by you and help you through training–un-quote."
Instead, Roslyn O. Jackson was intentionally depriving Plaintiff of
the proper computer training and distorting what information that
Plaintiff was trying to comprehend, by asserting nerve-racking
interferences with the hands-on-processes.  In addition, Roslyn O.
Jackson was as not clear on the functions required in training
because she kept seeking directions from the Trainer after making
numerous mistakes, causing Plaintiff to be confused.

iii.    Once again, Plaintiff complained to HR about the harassment at the
hands of Plaintiff's immediate supervisor and work group that they were
making it hard for Plaintiff to properly assimilate in Plaintiff's role and
comprehend in trainer.  HR verbally instructed Plaintiff to put this matter
in writing to her, because per HR "quote – I don't want them to do you
like they did the other African American employee – un-quote."

iv.    After Plaintiff sent an email to HR, Plaintiff's supervisor (Roslyn O.
Jackson) pulled Plaintiff out of the last full day of training, telling Mary Jo
Molandes (Trainer) that "quote – I need Plaintiff right now in a meeting…
all Plaintiff need to learn is how to do notes and that all the other stuff
will come later– un-quote."  The Trainer questioned that principle and at
some point the Trainer stated to Roslyn O. Jackson "quote– Plaintiff is
trying to take a training test and will be coming back to the next class –
un-quote."

v.      Roslyn O. Jackson's actions adversely impacted Plaintiff's training, causing Plaintiff not to complete the last day of this training session, in time to make the emergent meeting, therefore the Trainer excused Plaintiff. Roslyn O. Jackson and Erica Moore had called this emergent meeting wherein Plaintiff took minutes for future reference. In this meeting there were several full-time non-African American employees including supervising attorney, Erica Moore who stated that they are still employed although that they have

-   lost many clients applications,

-   deleted various pertinent information,

-   forgot to perform certain functions,

-   Practice and practiced entering paper applications until they were able to pass the PM systems' certification...

Plaintiff was deprived of this training opportunity to practice and practice entering paper applications into the PM systems' database and denied becoming familiar with that process through observation of the entry thereof. It was never an opportunity extended to Plaintiff.

vi.      Continuous harassment and discrimination continued at the hands of defendants. Plaintiff was intentionally placed on an unfiltered training computer by Erica Moore around March 16, 2010 with the intent of having Plaintiff to fail in Plaintiff's attempts in completing the remainder of a computerized training's test from around March 11, 2010.

- The next day, March 17, 2010, Erica Moore pulled Plaintiff off a project of checking in a client and instructed Plaintiff to come with her into the office of Roslyn O. Jackson.  Once in Roslyn O. Jackson's office, Plaintiff was accused of (a) assaulting Valentina Garza in a prior week; (b) Plaintiff's work hours were altered;   (c) Plaintiff's was told in-essence to look for another job; (d) Plaintiff was told that the Hispanic employees can communicate in their native language because there is no rule against that even if they are speaking disruptively in language **not** in the provision of legal assistance with Spanish speaking clients, per Legal Services Policy.

- Later this same day, March 17, 2010, Roslyn O. Jackson's main secretary (Anthony Munoz) approached Plaintiff and stated along the lines "quote – I was told to reduce your hours worked during this pay period- un-quote."  Although Plaintiff told Mr. Munoz that Plaintiff worked those hours and took lunch, Mr. Munoz demanded that Plaintiff change them because per Mr. Munoz "quote – I'm just doing what I was instructed to by Roslyn O. Jackson – un-quote."

- While (Mr. Munoz) and Plaintiff was in debate about reducing Plaintiff's hours; Plaintiff was called into another meeting, (this time in the office of the Erica Moore).  Ms. Moore and Roslyn O. Jackson told Plaintiff in this meeting that "quote – (a) You failed PM training because you forgot to perform the matter-aux-function; (b) you will be going back to training in the next class

sessions' last day, on tomorrow, March 18, 2010 of that week, and then ½ day on a Tuesday, March 23, 2010 of a new class session's first day of the next week – un-quote."

c.      Once again, Plaintiff reported the harassment and discrimination to HR.  HR's final instructions were to notify the CEO and the COO of the incorporation.  HR stated along the lines of "quote – Roslyn O. Jackson is going to have a lot of this stuff to come back and bite her in the butt – un-quote."  HR has also stated along the lines of "quote – the Hispanic employees are prejudice; that Valentina Garza has a close relationship to Nora Benitez and for me to be careful since we don't know what they are capable of...-un-quote."

9.    *Final Facts*:

a.      Plaintiff brought her concerns of the unlawful employment practices against Plaintiff to the attention of the CEO and COO of the organization in e-mail with the intent of meeting with them in order to disclose each discriminatory act afflicted upon Plaintiff with the hopes of having them to cease.  Prior this, Plaintiff had introduced herself to the COO for he had approved Plaintiff's employment compensation agreements.  Once more, Plaintiff also brought her harms to the attention of governmental entities who administers public federal grant funding to defendants' incorporation.

b.      Once more, around Thursday, March 18, 2010, Plaintiff informed HR of the retaliation and harassment by Plaintiff immediate supervisor, Ms. Moore, and the Hispanic coworkers in a similar situated position (of the adverse action taken against Plaintiff on Wednesday, March 17, 2010).  Plaintiff informed HR

that the higher-ups have been informed about the disparity treatment and that Plaintiff is seeking relief by bring the harms to their attention.  Plaintiff inquired with HR on three (3) other available positions in other units, where there may not be a hostile and intimidating environment.  HR informed Plaintiff that "quote – I would like for you to hold on because I have already talked to a new department head (Att'y Sandra Brown) about hiring you as the department's administrative assistant – un-quote."  Plaintiff briefly talked with Att'y Sandra Brown who told Plaintiff that "quote – HR speaks highly of you; give HR a copy of your resume and I'll get back to you later... - un-quote."  Plaintiff asked HR if the Trainer (Mary Jo Molandes) is a part of the harassment that Plaintiff is enduring. HR informed Plaintiff along the lines of "quote – you should back-off that thought; because the Trainer is aware of the harassment against you by your immediate workgroup and supervisor(s), and that she is expecting you in training class this morning– un-quote."

c.    As Plaintiff prepared for training on March 18, 2010, Sylvia Lugo hands Plaintiff her cellular phone to talk with Roslyn O. Jackson, but then retracted and wrote Roslyn O. Jackson's cell # down and told Plaintiff to call Roslyn O. Jackson on Rosalyn O. Jackson's blackberry.  Plaintiff complied; and was therein instructed by Roslyn O. Jackson that Plaintiff should not go to training as previously instructed to do on yesterday.  Plaintiff informed Roslyn O. Jackson (in tears) that Plaintiff had become stressed-out with all of this harassment to a point that Plaintiff foot was swelling and that Plaintiff had made a doctor's appointment for Monday, March 22, 2010.  Plaintiff also informed Ms. Jackson

that Plaintiff had already spoken with Mary Jo Molandes (Trainer) this morning and that the Trainer was expecting Plaintiff.  Roslyn O. Jackson then stated "quote-that we will talk about it when I get in, but don't go to training or talked to Mary Jo Molandes again, I'll give her a call...-un-quote."

d.       After Roslyn O. Jackson arrived to the workplace, she walked down to the work-area and asked Plaintiff to come with her to her office.  There was a gentlemen (Supervising managing attorney, Harold Desselle) presence, who took notes as Ms. Jackson fired Plaintiff —

-   Roslyn O. Jackson stated "quote – I am going to have to let you go because you failed to do "matter-aux" in computer training, and all my secretaries must know how to this function– un-quote."

-   Plaintiff pleaded with Ms. Jackson to reconsider because Plaintiff recalled attention to just 2 to 3 days earlier where supervisors Jackson and Moore openly criticized **but did not fire** the other similar situated employees of a different race for having poor work; **not** performing "matter aux" functions and for constantly failing to take clients specific information on the applications and for failing to actually produce quality work as full time secretaries, yet assigning the Hispanic errors to Plaintiff to correct.

e.       Defendant's refuse to honor employment compensation contracts entered into with Plaintiff and failed to pay Plaintiff in full upon involuntary termination.

■ Upon Plaintiff's contact with one of the offices of the HGAC-SSBG of which defendant's receives revenue/services, Plaintiff was instructed to file a Pay Day claim with the State of Texas' Texas Workforce Commission's (TWC).

■ Mistakenly, Plaintiff filed her entire claim with TWC.  Plaintiff was then instructed by a supervisor of TWC to file with Civil Rights Division… as Plaintiff thereafter did, dually with attempts to file with the offices that handle unlawfully employment practices done under the provisions of federal funded grants…

f.   Recently, Thursday, August 26, 2010, Plaintiff was informed by Hearing Officer (Ms. A. Maine) of the Pay Day Law (PDL) section in Austin, Texas along the lines of "quote- (i) a lot of the issues in Plaintiff's claim and Plaintiff's presented exhibits were out-of-pay-day-law/her jurisdiction; (ii) that she **only** handles wages for the hours of actual work under the guidance of the PDL, and (iii) that the other issues are that of/on a federal jurisdiction…."

■ During the discovery of evidence presented by the defendant's; Plaintiff discovered that defendants have **forged** Plaintiff's signature to a federal grant related document with the intent to deceive the PDL Officer, Investigating Officials, and/or those inquiring on the defendants employment practices (especially where Plaintiff's employment compensation agreements are concerned) by omitting the initial compensation agreement they

have with Plaintiff and swearing that they have provided Texas
PDL with Plaintiff true employment compensation records .

■   After Defendant's intentional deceit was evident, defendants
then swore that Plaintiff initial compensation agreement (one
month salary to bring Plaintiff aboard) was given so that Plaintiff
could make up 10 hours during a March biweekly pay period.

■   It is apparent that under Texas PDL guidelines that Plaintiff's
harms will likely not be remedied.  Therefore, to correct the
wrongs done to Plaintiff, this suit, in part, has been filed for breach
of the employment compensation contracts that Plaintiff has with
defendants.

10.   Plaintiff further believes that her earning capacity was damaged at the hands of
Valentina Garza who blatantly and intentionally made false statements to injure
Plaintiff of which Plaintiff supervisor(s) hostility demonstrated they felt to be true.

11.   Plaintiff further believes that the EEOC (Ms. Flores and Ms. Wallace) immediately
sought to minimize Plaintiff charges by quickly stated that they are going to dismiss
Plaintiff charges and issue a right to suit.  Plaintiff requested EEOC to investigate by
looking at how the protective acts tie into the adverse action.


**SERVICE OF PROCESS REQUESTED:**

Please have a Sheriff or constable to deliver/give a copy of this Original
Petition (appropriate # of this petition is attached) to the Defendants (at the place
the harms occurred), their work address below:

- 15 -  16

Lone Star Legal Aid (LSLA)
Attention Paul Furrh, CEO
1415 Fannin, 3rd Floor
Houston, Texas 77002
Telephone:  713.652.0077, ext1255

Roslyn O. Jackson, Supervising Managing Attorney
1415 Fannin, 3rd Floor
Houston, Texas 77002
Telephone:  713.652.0077, ext1264

Valentina Garza
1415 Fannin, 3rd Floor
Houston, Texas 77002
Telephone:  713.652.0077, ext1167

Petitioner reserve the right to amend this petition, and answer in greater particularity at a date certain and demand Jury should this cause go to trial.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Petitioner requests that Defendants be given a copy of this Original Petition in a way that is according to the law.  Petitioner also asks that the Court order the defendants to:  (a) honor the employment compensation agreements with lawful interest, (b) pay $300.000.00 punitive damages for retaliatory and revengeful harms, and that; (c) the Court grant any other equitable relief as the court deems appropriate, including injunctions, damages, costs and attorney's fees, filing fees, to which Petitioner is just and lawfully entitled.

Respectfully submitted,

Petitioner, Pro Se
Josephine "Josie" Franklin
5117 Maywood Drive
Houston, Texas 77053-3202
Telephone: 832.435.2020

- 16 -  16

ORIGINAL

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

EXHIBIT P1

### DISMISSAL AND NOTICE OF RIGHTS

To: Josephine Franklin
5117 Maywood St
Houston, TX 77053

From: **Houston District Office**
1919 Smith St, 7th Floor
Houston, TX 77002

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2010-02646 | **Nicholas Alwine,**<br>**Enforcement Supervisor** | **(713) 209-3422** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

**R.J. Ruff, Jr.,**
**District Director**

JUN 2 2 2010

*(Date Mailed)*

cc:
Paul Furrh, Jr.
**President**
**LONE STAR LEGAL AID**
414 E Pillar St
Nacogdoches, TX 75961

Texas Workforce Commission Civil Rights Division
101 East 15th Street, Room 144T
Austin, Texas 78778

EXHIBIT P1

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 460-2010-02646 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Josephine Franklin | (832) 435-2020 | 02-20-1962 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5117 Maywood St. | Houston, TX 77053 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| LONE STAR LEGAL AID | 201 - 500 | (713) 652-1241 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1415 Fannin St. | Houston, TX 77002 |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-16-2010   Latest: 03-18-2010
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.      I began my employment with Respondent on February 16, 2010, in the position of Legal Secretary. On February 19, 2010, I complained to my supervisor, Roslyn Jackson, Supervising Managing Attorney, that my coworkers were making comments about my age; were not giving me proper training but were properly training another Hispanic co-worker and allowing her to enter applications into the computer, speaking Spanish with no clients being assisted; and creating a hostile work environment.  Soon after, I complained to Sheila Lewis, Human Resources, Ms. Jackson began retaliating against me by participating in the harassment and ignoring my complaints.  After complaining to both Erica Moore, Managing Attorney for Sylvia Lugo and Nora Benitez, around March 2, 2010, Ms. Moore began harassing me in my work assignments and calling me into meetings with her and Ms. Jackson to take adverse action against me for complaining about discriminatory treatment in violation of my civil rights.  Ms. Moore and Ms. Jackson openly reprimanded the Hispanic co-workers for their repeated errors in the computer related to the matter aux and their incomplete applications on clients, informing them that they were going to fix their own errors.  These errors were assigned to me.  They were not fired for the computer errors that I was fired for while in the training transition.

I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

05/20/2011 — Date
*Charging Party Signature*

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*
05/20/2010

BEATRICE WALLACE
Notary Public, State of Texas
My Commission Expires
September 13, 2012

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 460-2010-02646 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On March 11, 2010, I complained to Human Resources in writing and I was pulled out of a training class by Ms. Jackson. Ms. Jackson told me that I only needed to learn how to enter notes in the database and that all of the other stuff will come later. On or about March 16, 2010, Ms. Moore took me to a training computer that was not filtered in accordance to training and had me perform training application that set me up for failure. On March 17, 2010 I was called into a meeting with Ms. Jackson and Ms. Moore. During this meeting, I was (1) accused of assaulting a co-worker; (2) my work schedule was altered; (3) that my co-workers can speak Spanish anytime; and (4) that I should find another job. Later that day, Ms. Jackson's Legal Secretary, Anthony Munoz, told me he was instructed by Ms. Jackson to reduce my work hours for the pay period ending March 15, 2010. Before the end of the day, Ms. Moore and Ms. Jackson told me that I would be going to training on March 18 and 23, 2010. On the morning of March 18, 2010, I also utilized the LSC hotline to complain about abuse, waste, fraud and discrimination, and I requested to see the code of conduct and integrity, staff development in training and harassment policies. I was terminated the same day. Respondent failed to pay me my full hours worked on my final pay check.

II. Ms. Jackson told me I was terminated because I failed training.

III. I believe that I was discriminated against because of my race, Black, which is in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I was discriminated against because of my age, 48, which is in violation of the Age Discrimination in Employment Act of 1967, as amended. I further believe that I was retaliated against.



BEATRICE WALLACE
Notary Public, State of Texas
My Commission Expires
September 13, 2012

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| 05/22/2010          Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* 05 22 2010 |

These are
all charges
that CP
changed.
The original
Charge is in
TAB-B

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 460-2010-02646 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Josephine Franklin | (832) 435-2020 | ▓▓▓▓▓ |

| Street Address | City, State and ZIP Code |
|---|---|
| 5117 Maywood St, Houston, TX 77053 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| LONE STAR LEGAL AID | 201 - 500 | (713) 652-1241 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1415 Fannin St, Houston, TX 77002 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 02-16-2010 | 03-18-2010 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.   I began my employment with Respondent on February 16, 2010, in the position of Legal Secretary. On February 19, 2010, I complained to my supervisor, Roslyn Jackson, Supervising Managing Attorney, that my coworkers were making comments about my age; were not giving me proper training; and creating a hostile work environment. Soon after, I complained to Sheila Lewis, Human Resources. Ms. Jackson began retaliating against me by participating in the harassment and ignoring my complaints. On March 11, 2010, I complained to Human Resources in writing and I was pulled out of a training class by Ms. Jackson. On March 17, 2010, I was accused of assaulting a coworker; Respondent altered my work schedule; told me my work hours were going to be reduced for the pay period ending March 15, 2010, and that I would be attending a second training session. On March 18, 2010, I requested to see the code of conduct and integrity; staff development in training and harassment policies and was terminated that same day. Respondent has failed to pay me my full hours worked on my final pay check.

II.   Ms. Jackson stated that I was terminated because I failed training.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| May 19, 2010   *signature*<br>08/06/2010        A10-10-FOIA-188-HU | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*   MY COMMISSION EXPIRES March 16, 2011<br>*Maria Esther Cuena*<br>*May 19 2010*   18 of 25 |

*Notary signature: Maria Esther Cuena*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 460-2010-02646 |

| **Texas Workforce Commission Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

III. I believe that I have been discriminated against because of my race (Black), age (48) and in retaliation for opposing discriminatory treatment in violation of Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | *Maria Esther Guerre* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| May 19, 2010<br>06/06/2010 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |